## LONNIE MARTIN V. THE STATE.

No. 17865. Delivered January 22, 1936.
Rehearing Denied March 18, 1936.

The opinion states the case.

*F. M. Robertson*, of Haskell, *John Watts*, of Abilene, and *T. R. Odell*, of Haskell, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The appellant urges the following grounds upon which he seeks reversal of this case. First, because it was not shown that the alleged offense was not barred by the statute of limitations; second, because the evidence fails to show that a burglary was committed; third, because the evidence is not sufficient to identify him with commission of the alleged offense. We will discuss each of his propositions in the order presented.

W. C. Murphy testified that he lived in Haskell County on the 22nd day of January, 1935; that some one broke into his barn on the night of January 21st or early morning of the 22nd and took therefrom approximately 1200 or 1500 pounds of cotton seed; that the doors to his barn were closed on said night; that there were some planks knocked from the wall of the barn at the maize bin where the seed was thrown out; that a person could go through that opening without going through the barn door, but that the party who stole the cotton seed did not go through the opening in the barn and open the door from the inside because there was a sliding latch on the outside of the door which could not be opened from the inside and this door was open the next morning. This, we think, is sufficient to show the commission of the offense of burglary on or about January 21, 1935.

The testimony further shows that two different human tracks were found near the barn door leading from the barn to where a car was parked. One was a small track and the other a large track. The larger tracks appeared to have been made by shoes of the same size as those worn by the appellant. The tracks of the car were similar to those made by appellant's

car. Appellant had one new tire on his car and the other three were considerably worn. The tracks on the ground near the barn indicated that the car in which the seed was hauled away carried one new tire and three old tires which showed considerable wear.

The appellant and a man smaller, whose identity is not disclosed by the record, were found the next morning about four a. m. within two miles of the town of Stamford with a broken car loaded with cotton seed. Appellant came to town and engaged the services of a garage man who hauled the car into town where it was repaired; and then the appellant drove to the oil mill where he sold the seed under the name of John T. Green. A check was issued to him in payment for the cotton seed which he took to a bank and indorsed it by writing the name of John T. Green thereon. The indorsement was shown to be in the appellant's handwriting. This is rather a significant circumstance. It was shown that the night of the 21st and the morning of the 22nd of January was very cold. The fact that appellant was hauling less than one-half ton of cotton seed from Haskell to Stamford in Jones County between the hours of midnight and four a. m. without any apparent necessity therefor is also a significant circumstance inconsistent with an innocent purpose. The appellant did not testify. We think that when all the facts as disclosed by the record are considered together they are sufficient to warrant and sustain the conviction.

Therefore the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing upon two grounds, first, that we were wrong in holding the proof sufficient to show the time of the alleged taking to be within the period of limitation; second, that no proof was made of the hauling of cotton seed by appellant on the night of the theft.

Murphy, the owner of the burglarized barn, testified to where he lived on January 22, 1935, and that some one broke into his barn on the night of the 21st or early morning of

the 22nd, and that he saw appellant driving a car on or about January 22nd, having on same casings whose tread he identified with tracks near his barn. He detailed what he saw as to car tracks and human tracks, and said that all this happened on the night of January 21st or the early morning of the 22nd. Deputy Sheriff Clifton swore to going out to Murphy's on January 22, 1935, to investigate the loss of cotton seed, and to what he found out there. Mr. Andrews testified that about eight o'clock a. m., January 22, 1935, he saw appellant with cotton seed in his car. Mr. Johnson testified to the same thing. A banker who issued a check on January 22, 1935, identified the check which was in evidence, and was payable to John Green, and in payment of 940 pounds of cotton seed. Two witnesses who saw said check testified that the name of John Green was endorsed thereon in appellant's handwriting. We cannot agree with appellant that this does not sufficiently fix the date.

We have carefully reviewed the record, and are fully satisfied that the testimony sufficiently showed that human tracks corresponding with those of appellant, and car tracks corresponding with those made by his car, were in the immediate vicinity of the alleged burglarized barn on the night it was broken and entered and cotton seed taken out of same; also that early the next morning appellant, with approximately the quantity of seed lost, was in his car with the seed which was sold and for which a check was given payable to John Green, which name was endorsed on the back of the check by appellant.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*