LAWRENCE BOGGS v. STATE.

No. 26,506. October 7, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 18, 1953.

*Burks and Brown*, by *Burton S. Burks, Lubbock*, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful sale of beer in a

dry area; punishment assessed at sixty days in jail and a fine of $500.

The information in this case alleges that the offense was committed on or about the 25th day of August, 1952.

It was stipulated that Crosby County was a dry area.

Geneva Butler testified that she saw Lawrence Boggs on or about the 25th day of August, 1952; that she did not recall the exact date, but it was in August. She further said that Sheriff Hillin was at her place "in the month of August, but I don't just exactly know the date." Geneva Butler further testified that she bought a case of beer from Lawrence Boggs in the month of August; that she bought "this beer," which was Falstaff, from the defendant and paid him seven dollars for it about two days before Sheriff Hillin was at her place. She further testified that the second day after she "bought this beer," Sheriff Hillin got three or four cans of beer "out of my ice box," and this occurred in Crosby County.

Sheriff Hillin testified that he went to the cafe of Geneva Butler on the 26th day of August. He further testified that at that time at her cafe he took four cans of Falstaff beer from her ice box; he also testified that the cans of beer shown him were the same cans of beer that he "took from Geneva's ice box." These four cans of beer were introduced in evidence. Sheriff Hillin further said that he signed the complaint "in this cause" on the 27th day of August, 1952.

By Bill of Exception No. 1, appellant contends that the trial court erred in failing to instruct the jury that "if you find from the evidence or have a reasonable doubt thereof that a sale of beer was made by the defendant to the said Geneva Butler more than two years prior to August 27, 1952, and that no sale took place subsequent to August 27, 1950, you will find the defendant not guilty."

We think that the evidence in regard to the time of the commission of the offense is sufficient to warrant and sustain the conviction. In the absence of evidence to the contrary, we find that no issue was raised by the evidence requiring a charge upon the law of limitation. Martin v. State, 130 Tex. Cr. R. 66, 91 S.W. 2d 707; 12 Tex. Jur. 498, Sec. 198.

By Bills of Exception Nos. 2 and 3, appellant complains of

the introduction in evidence of State's Exhibit No. 1, the same being four cans of Falstaff beer, which the state contends is the beer sold by appellant to Geneva Butler, upon the ground that same was not properly identified and the appellant's connection therewith was not shown, and further complains of the court's refusal to withdraw from the jury's consideration State's Exhibit No. 1, and urges that such action was error.

We find the evidence is sufficient to properly identify State"s Exhibit No. 1 and connect appellant therewith.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.