Patrlck A. MULVEHILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 38474.

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

Stanley F. Swenson, W. Kendall Baker, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, R. W. Hope, Jr., and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The indictment, returned June 10, 1964, alleged that on or about December 1, 1963, appellant did with lascivious intent knowingly and intentionally expose his private parts and genital organs to Edith ————, the named female, under the age of 16 years.

Trial before a jury on September 22, 1964, resulted in a conviction with punishment assessed at 5 years in the penitentiary.

Edith testified that she was 12 years of age and that "back in December of 1963, right before this last Christmas" she was 11; that on or about the 1st day of December she and her brother and sister went to appellant's house across the street; that he asked her to go in the bedroom with him and after she did so he locked the door, rubbed her "butt" and rolled her pants down; that he asked her to lie on top of him, stomach down, and she did; that he left the room for about 2 minutes and returned with a jar of vaseline in his hand, he zipped down his pants, greased his

sexual organ and placed it in her "behind" but did not actually penetrate her. She reported the matter to her parents on March 25, 1964.

Leroy, 10 year old brother of Edith, testified that "back in December, sometime prior to March" he was in the house when appellant took his sister into a bedroom and while they were in there by themselves he and his other sister knocked on the door which was closed and locked and the second time they knocked his sister told them to go away.

Appellant denied that he at any time was alone with the child in the bedroom, or that he ever exposed his private parts to her or put his hands on the rear portion of her anatomy or pulled down her panties.

■ The jury resolved the issue against appellant and the evidence is sufficient to sustain their finding.

Appellant's first claim of error is that the state failed to establish that the offense was committed at a time not barred by the statute of limitations.

■ The state was not bound by the date the offense was alleged to have been committed, but was required to prove that it was committed within three years prior to the return of the indictment on June 10, 1964.

Edith testified:

"Q. And, Edith, how old are you now?

"A. 12.

"Q. How old were you back in December of 1963, right before this last Christmas?

"A. 11.

*    *    *    *    *    *

"Q. For the record you testified you were eleven years old at the time, is that right?

"A. Yes, sir."

On cross-examination she testified:

"Q. Now, you have told us about some things that were supposed to have happened on December 1st of 1963, is that correct?

"A. Yes, sir.

"Q. In other words, that was before last Christmas, right?

"A. Yes sir.

"Q. It didn't happen right at Christmas time, did it?

"A. No sir.

*    *    *    *    *    *

"Q. Now, before December 1st, 1963, that you were speaking about here a while ago, Pat had always been a gentleman and so on, hadn't he?

"A. Yes sir.

*    *    *    *    *    *

"Q. How is it that you happen to remember it was December 1st, 1963?

"A. I don't know.

"Q. Do you think maybe it might not even have been in the month of December?

"A. It might not have.

"Q. So you told your mama then on this day in March that Pat had put his stick into you sometime in the past?

"A. Yes sir.

"Q. But you didn't know for sure when it was, did you?

"A. That's right.

"Q. You didn't know at the time whether it was a week before or two or three months before, did you?

"A. No sir.

"Q. Well, are you the one that told your mama this happened on December 1st, 1963?

"A. Yes sir.

"Q. And that was just a guess on your part as to when it happened, is that right?

"A. Yes sir.

"Q. Did you tell your mama just about the same thing that day in March as you have told us now?

"A. Yes sir."

Appellant's wife testified:

"Q. Now, did she (Edith) tell you when this had happened?

"A. She said she did not remember. It was somewhere just before Christmas or right after Christmas.

"Q. She thought it was just before Christmas or after Christmas but she wasn't sure, is that correct?

"A. That's right. She said she wasn't sure."

On cross-examination Mrs. Mulvehill testified that appellant was not living at her house "back in December 1963"; that he had the run of the house before they married in March 1964 and it was possible that he was at the house and the children were there with him "back in December 1963".

On cross-examination appellant testified:

"Q. How long had you been going to the house and being there, as you say, after you would get off work prior to the time you got married?

"A. This was for a long period of time. This was specifically times I would be there. When she would ask me to be there. I would be working in Bellaire and she would ask me to go by and do some lawn work before she got there.

"Q. Would you be there sometimes three or four days during the day time?

"A. I would say two or three times a week.

"Q. *Over a six months period prior to the time you married?*

"A. Yes sir."

Appellant had the "run of the house" for only some six months before March 1964 when he married Mrs. Mulvehill. Edith testified that she was 11 years old at the time of the event and was 12 years old at the time of the trial in September 1964.

■ While Edith testified that she did not remember that it was December 1, 1963, there is sufficient evidence to show that the "December" and "Christmas" referred to in the evidence as the time the offense was committed was December and Christmas of 1963 and not of some prior year, and to show that the offense was committed within three years prior to the return of the indictment.

■ The remaining ground for reversal relates to the court's refusal to declare a mistrial.

After testifying that appellant took his sister into a bedroom and that she said to go away when he and his other sister knocked on the door, 10 year old Leroy was asked and answered:

"Q. Had that ever happened before?

"A. No.

"Q. Did it ever happen again?

"A. I know it happened again but not that I was there."

Appellant's objection and request that "that testimony be stricken" was sustained but his request that the court declare a mistrial was refused.

We are cited to no authority and know of none which, under the evidence, required that a mistrial be declared.

The judgment is affirmed.