**J. N. SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50658.**

Court of Criminal Appeals of Texas.

March 31, 1976.

Dan C. Cotton, Snyder, Melvyn Carson Bruder, James P. Neill, Jr., Dallas, for appellant.

Lealand W. Green, Dist. Atty., Snyder, William H. Davis, Asst. Director of Enforcement, State Securities Board, Austin, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

This appeal is from a conviction for fraudulently misrepresenting and selling securities in violation of Art. 581–29(C), V.A.

C.S.; punishment was assessed at a fine of $2,500.00 and five years' imprisonment.

Upon original submission we noted that the record in this cause reflected that appellant's several briefs were all late-filed. We held that nothing was presented for review by said briefs and that there appeared to be no error that we should consider in the interest of justice.

In his motion for rehearing appellant urges that our prior holding was erroneous in that we should have considered in the interest of justice the sufficiency of the evidence with regard to the State's burden of proof to show that the prosecution in the instant case was not barred by the relevant statutes of limitation, Arts. 12.04, 12.07, V.A.C.C.P. See *Cooper v. State,* Tex.Cr. App., 527 S.W.2d 563.

In *Barbee v. State,* Tex.Cr.App., 432 S.W.2d 78, 81, cert. denied, 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969), this Court stated:

"While this court does not ordinarily consider the question of sufficiency of the evidence to support a conviction as unassigned error under Sec. 13 of Art. 40.09, supra, we will do so, in view of appellant's claim that . . . there was *no* evidence [upon one of the essential elements of the State's burden of proof]." (Emphasis in original)

Likewise, appellant's claim here is that the State presented no evidence whatsoever in support of its properly plead tolling allegations in the indictment. Accordingly, in our opinion upon original submission, we were in error in not considering this issue as unassigned error in the interest of justice.

The indictment was returned on November 21, 1973, and alleged the offense occurred on July 10, 1968, over five years prior to the return of the indictment. The applicable period of limitations is three years. See *Cooper v. State,* supra. The indictment contained proper tolling allegations substantially the same as those set out in the opinion in *Cooper v. State,* supra.

Appellant's complaint is directed at the absence of proof of that allegation.

An extended discussion of the merits of appellant's claim is not necessary. The portions of the record the State in its brief cites as supportive of its claim that the evidence was sufficient to support the tolling allegations in the indictment are virtually identical to those discussed and rejected as constituting no evidence at all in *Cooper v. State,* supra. Accordingly, the judgment must be reversed.

The judgment is reversed and the cause remanded.