**Luan VAN HOANG, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 326–95.**

**Court of Criminal Appeals of Texas, En Banc.**

**Nov. 20, 1996.**

---

Bruce Anton, Dallas, for appellant.

Patricia Poppoff Noble, Asst. District Attorney, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of aggravated robbery and his punishment assessed at forty years confinement in the penitentiary. He raised only one point of error on appeal, that the trial court erred in failing to submit to the jury his requested instruction defining the phrase "on or about" to mean "any date prior to the presentment of the indictment within the period of the statute of limitations[,]" and informing the jury that period of limitations for the offense of aggravated robbery is five years. The Fifth Court of Appeals affirmed the conviction in an unpublished opinion, holding that appellant was not entitled to a limitations instruction because "the issue of limitations was not raised in this case." *Hoang v. State*, No. 05–92–02129–CR, 1994 WL 722006 (Tex.App.—Dallas, delivered December 29, 1994) (Slip op. at 3). We granted appellant's petition for discretionary review to examine his contention that the court of appeals has misconstrued the caselaw regarding the necessity of a limitations instruction. Tex.R.App. Pro., Rule 200(c)(3).

### I.

The offense in this cause was committed on January 29, 1986. The instant prosecution took place in August of 1992.[1] At the conclusion of the State's direct examination of its first witness in this cause, the trial

---

1. In fact, appellant was originally convicted of this offense in 1986, and served four years in the penitentiary for it, until he successfully petitioned this Court for relief in post-conviction habeas corpus. We held that the district court that convicted appellant lacked jurisdiction because he had been only seventeen at the time, and the juvenile court had not relinquished its exclusive jurisdiction over him. See *Hoang v. State*, 872 S.W.2d 694, at 696 (Tex.Cr.App.1993).

court *sua sponte* excused the jury from the jury box and called it to the parties' attention that the indictment on its face alleged an offense that was barred by limitations, without also alleging facts sufficient to toll the running of the five year limitations period. See Articles 12.01(4) & 12.03(d), V.A.C.C.P. The trial court was concerned that this deficiency in the pleading might deprive it of jurisdiction. After a short recess, however, the trial court announced that on the authority of *Studer v. State,* 799 S.W.2d 263 (Tex.Cr. App.1990) and *Burton v. State,* 805 S.W.2d 564 (Tex.App.—Dallas, 1991), it was confident that it still retained jurisdiction over the cause. In the course of the discussion, in the absence of the jury, the trial court remarked that the present indictment contained a notation at the top indicating it was a "reindictment." The trial court concluded, "This is a reindictment of one returned on August 21st, 1990 which would have been within the limitation period by approximately four months[.]" In the record on appeal, in a supplemental transcript, there indeed appears an earlier indictment alleging an aggravated robbery of the same victim in identical terms.[2] It was never established in the presence of the jury, however, that this earlier indictment existed.

At the close of all the evidence the trial court expressly denied appellant's request for "a charge on the statute of limitations. * * * I don't think that's been raised before the jury." Appellant then proposed that the jury be instructed:

"that the term 'on or about' means any date prior to the presentment of the indictment within the period of limitations. You're further instructed that the statute of limitations for the offense of aggravated robbery is five years."

2. The only difference is that the "reindictment" alleges the offense occurred "on or about" January 29, 1986, whereas the earlier indictment alleged January 1, 1986. Given our ultimate disposition of this cause, we need not address this discrepancy.

3. Appellant failed to request a further instruction authorizing the jury to acquit him in the event it found the State did not establish that the offense occurred within the five year limitations period. The court of appeals did not notice this fact,

The trial court gave neither this nor any comparable jury instruction.[3] Appellant raised the trial court's refusal as his only point of error on appeal.

The court of appeals held the trial court had not erred to deny appellant's instruction because "the issue of limitations was not raised in this case." *Hoang v. State,* supra (Slip op. at 3). Taking note of the trial court's observation that the present indictment was a reindictment of an earlier charge that was filed within the limitations period, the court of appeals observed additionally that the original indictment was not dismissed until after appellant was convicted on the reindictment. Because these facts were undisputed, and because under Article 12.05(b), V.A.C.C.P., the statute of limitations would be tolled during the pendency of the original, timely-filed indictment, the court of appeals held that appellant was not entitled to a limitations instruction. For the proposition that an instruction is not required whenever the facts showing a tolling of the limitations period are not in dispute, the court of appeals relied upon this Court's opinion in *Ex parte Morin,* 172 Tex.Cr.R. 322, 356 S.W.2d 689 (1962).

In his petition for discretionary review appellant now contends that the court of appeals' holding conflicts with caselaw, both early and late, that establishes that the "burden is on the state to show that the offense was committed within the period of limitation...." *Lemell v. State,* 915 S.W.2d 486, 489 (Tex.Cr.App.1995), quoting *Donald v. State,* 165 Tex.Cr.R. 252, 255, 306 S.W.2d 360, 362 (1957). Appellant argues, in essence, that the State must discharge this burden before the jury, and that incidentally noticing facts adequate to toll limitations in the course of a bench conference will not

however, and therefore did not consider the question whether it might constitute a procedural default of appellant's claim on appeal. Cf. *Stiles v. State,* 520 S.W.2d 894, 896–97 (Tex.Cr. App.1975) (requested instruction need not be correct in all things in order to preserve error for appeal, so long as it was sufficient to alert trial court to the defect); *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Cr.App.1986) (same). Because the court of appeals did not address the question of procedural default, it is not before us today.

satisfy the State's burden. We are constrained to agree.

## II.

██ When an indictment on its face clearly alleges an offense committed within the applicable statute of limitations, the issue is not raised and the trial court need not instruct the jury. *Vincent v. State*, 10 Tex. App. 330, 333 (1881) ("if the evidence raises and could possibly raise no issue upon that subject, the court is not bound to charge upon it."); *Hoy v. State*, 11 Tex.App. 32, 33 (1881) (same); *Cohen v. State*, 20 Tex.App. 224, 229 (1886) (same). On the strength of these cases, this Court subsequently held that if the State's proof *before the jury* is uncontested, and logically establishes that the indictment was timely presented, then a jury instruction on limitations is unnecessary. *Gray v. State*, 68 S.W. 799 (Tex.Cr.App. 1902); *Ex parte Morin*, supra. However, none of these cases supports the proposition the court of appeals cited *Morin* for. We have not yet decided explicitly whether uncontested proof of facts that would toll the running of the limitations period is sufficient to obviate the need for a jury instruction if that evidence is presented only to the trial court, not the jury. Nevertheless, the cases are instructive.

Prior to 1985, an indictment that did not reflect on its face an offense committed within the applicable limitations period, and also failed to allege tolling facts, was insufficient to vest the trial court with jurisdiction over the cause. *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr.App.1977). After this Court's construction of the 1985 amendments to Article V, § 12 of the Texas Constitution and Article 1.14(b), V.A.C.C.P., in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), we held that limitations defects in an indictment would no longer operate to deprive the trial court of jurisdiction. *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Cr.App.1993). Accordingly, we held in *State v. Turner*, 898 S.W.2d 303, 306 (Tex.Cr.App.1995), that under Article 1.14(b) a defendant must object before the date of trial to an indictment that shows on its face a limitations-barred offense, or else

he cannot thereafter complain, on appeal or collateral attack, of the defect.

We took pains to insist in *Turner*, however, albeit arguably in dicta, that a failure to preserve a limitations defect in the indictment does not excuse the State from its burden of *proving*, at the trial on the merits, that the offense was in fact committed within the applicable statute of limitations. 898 S.W.2d at 308. Even if the defendant forfeits any claim against the indictment by failing to raise it timely in the trial court under, Article 1.14(b), he may still argue on appeal that the State failed to *prove* an offense that was committed within the limitations period. In this respect we likened proof of a timely indictment with proof of an element of the offense. Failing to allege every requisite element of an offense no longer divests the trial court of jurisdiction over the cause, after *Studer*. Still, that does not excuse the State from the burden to prove every requisite element at trial in order to obtain a. valid conviction. *Fisher v. State*, 887 S.W.2d 49 (Tex.Cr.App.1994). Likewise, we said in *Turner*, it is the State's burden of proving the indictment was timely presented. 898 S.W.2d at 308.

If our observation in *Turner* amounted to mere dicta, it was soon elevated to a full-blown holding in *Lemell v. State*, 915 S.W.2d 486, at 488 (Tex.Cr.App.1995). There we squarely held that "[w]hile his failure to object in a timely manner to the indictment waived appellant's claim as to any limitations defect in the indictment, it did not waive his limitations claim as to the insufficiency of the evidence to sustain the conviction." En route to that conclusion we observed:

"when appellants have alleged that the State failed to meet its burden of proof at trial regarding limitations, we have treated their claims like insufficiency of evidence claims. *Barnes [v. State]*, 824 S.W.2d [560] at 562 [ (Tex.Cr.App.1992) ] (affirming acquittal of appellant due to insufficient limitations evidence); *Cooper v. State*, 527 S.W.2d 563 (Tex.Cr.App.1975) (holding limitations evidence insufficient); *Carter v. State*, 506 S.W.2d 876, 879 (Tex. Cr.App.1974) (holding limitations evidence sufficient); *Mulvehill v. State*, 395 S.W.2d

647, 648–50 (Tex.Cr.App.1965) (holding limitations evidence sufficient)."

*Lemell v. State,* supra, at 489. To say that proof of limitations implicates "sufficiency of the evidence" is strongly to suggest that it is an issue to be resolved by the jury. After all, in a jury trial it is the jury's verdict of guilty that is measured for legal "sufficiency." And indeed, at least as early as *Wimberly v. State,* 22 Tex.App. 506, 3 S.W. 717 (1886), it was held that when the issue of limitations is raised, the jury instructions must be adequate to authorize the jury to pass on it. The State would have us consider limitations as if it were a preliminary question for the trial court to resolve, under Tex.R.Cr.Evid., Rule 104. But Texas law has always regarded limitations as an issue for the jury, at least once it is raised.

In *Turner* we pointedly declined to specify whether limitations "is viewed as a defense, whether it is similar to an element of the offense, or whether it is simply *sui generis* ...." 898 S.W.2d at 308. Without ultimately passing on that question here, we do observe that in some respects we have treated limitations much like what the present penal code defines as a "defense." See V.T.C.A. Penal Code, § 2.03. A jury instruction is not required unless the indictment on its face raises, or some aspect of the State's evidence calls into question, whether the indictment was timely presented. Once the issue is thus raised, however, the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred.[4]

In the instant cause, though the indictment was sufficient to vest the trial court with jurisdiction under *Turner,* it nevertheless on its face clearly alleged an offense barred by limitations. Moreover, the evidence as presented to the jury confirmed that the offense was committed on the date alleged (January 29, 1986), while the date of presentment of the indictment (August 7, 1992) was clearly beyond the five year period of limitations applicable to aggravated robbery. The State produced no evidence before the jury to toll the running of the statute. On this state of the record, limitations was raised and the State was put to its burden to prove the indictment was not untimely.

Nor does it do to say the trial judge was aware of facts, even if undisputed, sufficient to toll the statute, and that he could have judicially noticed those facts and instructed the jury accordingly pursuant to Tex.R.Cr. Evid., Rule 201(b)(2) and (g).[5] The fact is that he did not, and thus the issue was never presented for resolution by the jury. Nor does it avail the State to argue that, had the trial court submitted appellant's requested instruction, it would most likely have allowed the State to reopen its evidence and establish the same undisputed tolling facts before the jury that the trial court serendipitously discovered during the bench conference. Article 36.02, V.A.C.C.P. For the State requested no such reopening of the evidence here, and, as the case went to the jury, there was no evidence to refute the apparent fact that appellant was indicted after the expiration of the applicable period of limitations. We hold that appellant was entitled to a jury instruction on the statute of limitations, *Wimberly v. State,* supra, and the court of appeals abused its discretion to conclude otherwise.

■ Because appellant raised the issue in the trial court, we must examine the trial court's error under the "some" harm standard of *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr.App.1985) (Opinion on State's motion for rehearing). *Arline v. State,* 721

---

4. That limitations operates more like a defense than an element of the offense is underscored by our holdings that if the State's proof of a timely indictment is uncontested, then no jury instruction is required. See *Gray v. State* and *Ex parte Morin,* both supra. The State has the burden of production and persuasion as to an element of the offense. Moreover, we would never approve of a trial court failing to submit an element of the offense in the jury charge just because the State's evidence establishing that element was not disputed.

5. Those provisions read:
    "**(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
    \*     \*     \*     \*     \*     \*
    "**(g) Instructing jury.** The court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."

S.W.2d 348, 351 (Tex.Cr.App.1986). As the record stands, had the trial court instructed the jury on the statute of limitations, the jury would have had no choice but to acquit appellant, since the only evidence before the jury showed a limitations-barred offense. Surely the certainty of an acquittal suffices to establish "some" harm. However, because it is not ordinarily this Court's bailiwick to pass upon questions of harm in the first instance, e.g., *Owens v. State*, 827 S.W.2d 911, 917 (Tex.Cr.App.1992); *Saenz v. State*, 843 S.W.2d 24, 29 (Tex.Cr.App.1992), we will remand the cause to the court of appeals.

Accordingly, the judgment of the court of appeals is vacated and the cause remanded to that court for an assessment of "some" harm, *vel non*, under the *Almanza/Arline* standard.

WHITE, J., dissents.

KELLER, J., not participating.

MALONEY, Judge, concurring.

The majority states that limitations has been treated by this Court "much like what the present penal code defines as a 'defense.'" *Majority opinion* at 597. Seizing upon this language, Judge McCormick announces that the majority must therefore be overruling this Court's opinion in *Lemell v. State*, 915 S.W.2d 486 (Tex.Crim.App.1995), because that case treated limitations like an element. In his view, *Lemell* and the instant case cannot stand "side by side." *Concurring and dissenting opinion* at 601 (McCormick, P.J.). Is limitation a defense or is it an element of the State's prima facie case?

The question assumes that limitations can be only one or the other; but this Court has assigned to limitations characteristics of both.

On the one hand, there is a line of caselaw which treats limitations in some respects like an element of the State's prima facie case. These cases hold that the State bears the burden of proving that the charged offense was committed within the limitations period, and further apply a sufficiency of the evidence review on appeal. *See, e.g., Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Crim.App.1991)(evidence held insufficient where "reasonable jurors could not have concluded beyond a reasonable doubt that the offense was committed within the period of limitations"); *Scott v. State*, 534 S.W.2d 711, 712 (Tex.Crim.App.1976)(opinion on reh'g); [1] *Cooper v. State*, 527 S.W.2d 563, 565–66 (Tex.Crim.App.1975)(noting "duty of the State to show that the offense occurred within the statutory period" and holding evidence insufficient to support allegations of tolling); *Carter v. State*, 506 S.W.2d 876, 879 (Tex.Crim.App.1974)(holding evidence sufficient to show offense committed within limitation period); *Mulvehill v. State*, 395 S.W.2d 647, 649 (Tex.Crim.App.1965)(holding State established offense committed at time not barred by limitations). If the State fails in its burden to prove that the offense occurred within the limitations period, the defendant is entitled to an acquittal. *Barnes, supra.*

On the other hand, there is caselaw which treats limitations in some respects like a defense.[2] These cases hold that a jury instruction on limitations is not required unless

---

**1.** In *Scott,* on original submission we said that nothing had been presented for review by the late-filed briefs. On rehearing we agreed to address the sufficiency of the evidence on limitations based upon another case in which we had reviewed sufficiency of the evidence even though it was "unassigned error" because it was "one of the essential elements of the State's burden of proof":

> ... appellant urges that our prior holding was erroneous in that we should have considered in the interest of justice the sufficiency of the evidence with regard to the State's burden of proof to show that the prosecution in the instant case was not barred by the relevant statutes of limitation. [citations omitted]

In *Barbee v. State,* Tex.Cr.App., 432 S.W.2d 78, 81, *cert. denied,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969), this Court stated: "While this court does not ordinarily consider the question of sufficiency of the evidence to support a conviction as unassigned error under Sec. 13 of Art. 40.09, supra, we will do so, in view of appellant's claim that ... there was *no* evidence [upon one of the essential elements of the State's burden of proof]." (Emphasis in original) *Scott,* 534 S.W.2d at 712 (brackets in original).

**2.** This Court has on occasion loosely referred to limitations as a defense. *See, e.g., Archer v. State,* 577 S.W.2d 244 (Tex.Crim.App.1979)(panel op.)(referring to "complete defense" accruing

the issue "is raised." *See, e.g., Ex parte Morin,* 172 Tex.Crim. 322, 356 S.W.2d 689, 689 (1962)(where indictment alleged facts of tolling and "undisputed evidence" supported such allegations, we said "[i]t is not error to fail to charge on limitation if there is no issue or question of limitation raised by the testimony"), *cert. denied,* 372 U.S. 924, 83 S.Ct. 742, 9 L.Ed.2d 729 (1963); *Boggs v. State,* 159 Tex.Crim. 167, 261 S.W.2d 320, 321 (1953)(where all evidence showed offense committed within limitation period, as stated in indictment, "no issue was raised by the evidence requiring a charge upon the law of limitation"). These cases render limitations decidedly unlike an element of the State's case, in that the jury is not always required to pass on the issue. It must be somehow "raised" before the trier of fact must be presented with the issue.[3] *See generally* George E. Dix and Robert O. Dawson, 40 Texas Practice §§ 3.66, 3.67 at 130–31 (1995)(trial court should submit charge where

"there is uncertainty as to the date of the offense but some evidence it was committed during the limitation period, or when there is testimony that the offense was committed on a date other than the one alleged in the charging instrument").

If *Lemell* and this case cannot, as Judge McCormick asserts, stand "side by side," neither can prior caselaw. In order to adopt Judge McCormick's view that limitations can only be, in all respects, either a defense or an element, we would have to overrule at least some caselaw, and/or deal with seemingly inconsistent provisions in the Code of Criminal Procedure and the Penal Code. *See fn 3, supra.* Such a course is not necessary as this Court is under no compulsion to label limitations as either exclusively a defense or an element. It is, as was suggested in *State v. Turner,* 898 S.W.2d 303, 308 (Tex.Crim.App. 1995), simply *sui generis.*[4]

The issue presented is whether the defendant is entitled to a jury instruction on limi-

---

under statute of limitations); *Graves v. State,* 795 S.W.2d 185, 186 (Tex.Crim.App.1990)(speaking of statute of limitations as "a defense accru[ing] to the defendant"); *Dickerson v. State,* 571 S.W.2d 942, 943 (Tex.Crim.App.1978)(noting that defendant did not "plead limitations as a defense"); *but see Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App.1977)(stating in pre-*Studer* case that "usually limitation is a matter which must be asserted as a defense in civil actions and in criminal prosecutions in some jurisdictions; however, our statute provides, as do those of many other jurisdictions, that an indictment must allege the offense was committed at a time not so remote that the prosecution of the offense is barred by limitations"); *Donald v. State,* 165 Tex.Crim. 252, 306 S.W.2d 360, 362 (1957)(citing with approval "well-established rule that the burden is on the state to show that the offense was committed within the period of limitation and the accused is not required to plead limitation as a defense").

3. Apart from caselaw, the Code of Criminal Procedure tends to treat limitations more like an element than a defense, in that limitations is described in "systemic" terms. Article 12.01 is prohibitory in tone, providing that "felony indictments may be presented within these [defined] limits, *and not afterward.*" Tex.Code Crim. Proc. Ann. art. 12.01 (emphasis added). Further, if it is made known to the trial court that the charged offense is limitations barred and another indictment could not be presented within the limitations period, the defendant "shall be fully discharged." Tex.Code Crim. Proc. Ann. art. 28.06. Moreover, limitations is absent from the Penal Code's list of defenses.

4. Judge McCormick's opinion is lacking in cited authority. Judge McCormick refers to treating limitations as a defense "which is how this Court has treated it over the years." *Concurring and dissenting opinion* at 601 (McCormick, P.J.). He cites two cases in support thereof, *Morin,* supra, and *Gray v. State,* 68 S.W. 799 (1902), and he fails to address cases such as *Scott,* supra. *See* fn 1, supra. *Morin* and *Gray* do not support his position. In *Morin,* the indictment alleged tolling and the evidence was consistent therewith. No jury instruction on limitations was requested and indeed the defendant was not entitled to one. Accordingly, we said, "It is not error to fail to charge on limitation if there is no issue or question of limitation raised by the testimony." *Morin* is not inconsistent with the majority's opinion and does not support Judge McCormick's position. In *Gray,* the court instructed the jury that unless it found the charged act occurred within one year of a certain date, it must acquit the defendant. The "testimony before the jury showed the offense was committed" within the limitations period and "there being no testimony to controvert the state's evidence on this question" the court's instructions were proper. The defendant's only complaint on appeal was that the instructions should have been phrased in the affirmative, rather than in the negative. *Gray* does not support Judge McCormick's proposition. Judge McCormick also urges the Court to "expressly reaffirm this Court's earlier holdings on how limitations should be raised and litigated in the trial court." *Concurring and dissenting opinion* at 602 (McCormick, P.J.) He fails to cite and discuss the "earlier holdings" that should be "reaffirmed."

tations when the face of the indictment reflects that the offense was not committed within the limitation period, but the State proves uncontested facts of tolling to the trial court outside the presence of the jury. This is an issue of first impression. The majority says appellant was entitled to an instruction because the issue was raised by the face of the indictment and *Lemell* suggests "it is an issue to be resolved by the jury." *Majority opinion* at 597. Judge McCormick says a limitations issue is not raised "when the evidence is undisputed that the running of the limitations period was tolled regardless of whether the evidence is presented to the trial court or out of the presence of the jury." *Concurring and dissenting opinion* at 602 (McCormick, P.J.).

While limitations is sometimes "an issue to be resolved by the jury," clearly that is not always the case.[5] When an indictment alleges the commission of an offense within the statute of limitations, and the evidence is consistent therewith, no instruction is called for. *Boggs, supra.* Similarly, a jury instruction does not have to be submitted when the State has alleged tolling in the indictment and the evidence supports those allegations. *Morin, supra.*

In determining the appropriateness of a jury instruction, it is helpful to consider what is required of the State in terms of proof. In the sufficiency of the evidence context, we have required the State to prove allegations of tolling made in the indictment with evidence *before the jury.* In *Cooper v. State,* supra, the indictment alleged commission of an offense that was barred by the applicable statute of limitation, but also pled facts that tolled the running of the statute. We cited the well-established principle that "it is necessary that the proof show that the offense was committed at such time as that the prosecution would not be barred by the statute of limitation." *Cooper,* 527 S.W.2d at 565. We overturned the conviction on the ground that the evidence of tolling was not offered before the jury:

> ... the State offered no evidence to support the allegation tolling the statute of limitations ... No effort was made by the State to offer in evidence any prior indictment against appellant for this offense. No probative evidence was offered to the jury, the fact finder in the case, that a prior indictment charging appellant with the same offense was pending as alleged.

*Id.* at 566. We further emphasized that "proof" means evidence before the jury:

> Likewise, *statements made in a pretrial motion would not constitute proof where such statements did not go to the jury as evidence.*

*Id.* (emphasis added).

*Cooper* stands for the proposition that allegations of tolling in an indictment must be

---

No authority is cited in support of Judge McCormick's assertion that in order to raise limitations as a sufficiency issue on appeal, "a defendant should stand up at the guilt-innocence phase of trial and claim he is entitled to have the prosecution dismissed." *Concurring and dissenting opinion* at 604. Indeed, there is none. Moreover, if such action has been required or even suggested, any mention of it is missing from this Court's treatment of limitations issues raised as sufficiency claims in earlier cases. *See Scott,* supra; *Cooper,* supra; *Carter,* supra; *Mulvehill,* supra.

**5.** Contrary to the implication in the majority's opinion, *Lemell* did nothing to change the face of the law in this regard. The fact that the State has to prove limitations and its proof is subject to a sufficiency review on appeal is not new with *Lemell.* *Lemell* simply followed prior caselaw. *See, e.g., Barnes,* 824 S.W.2d at 562 (evidence held insufficient where "reasonable jurors could not have concluded beyond a reasonable doubt that the offense was committed within the period

of limitations"); *Scott,* 534 S.W.2d at 712 (opinion on reh'g)(agreeing to address "sufficiency of the evidence with regard to the State's burden of proof to show that the prosecution in the instant case was not barred by the relevant statutes of limitation" even though it was not briefed based on previous case where we addressed sufficiency of evidence on element of offense despite fact that it was "unassigned error").

In *Lemell,* limitations was a contested issue since it was raised by the face of the indictment and the State had not put on any evidence of tolling, before the jury or otherwise. Evidence of tolling was not proffered by the State until a hearing during the jury's deliberations at punishment. We made no indication in *Lemell* as to the outcome of a sufficiency review, but simply held that the appellant was entitled to one and remanded to the court of appeals to conduct such review. However, "proof" for purposes of a sufficiency review appears to include only evidence before the jury. *Cooper,* 527 S.W.2d at 566.

supported by proof before the jury, at least in order to support a finding that the evidence is sufficient on appeal.[6] It follows that when limitations is called into question by allegations on the face of the indictment and evidence before the jury does not otherwise settle the issue,[7] the jury should be instructed on the issue. It would make little sense to hold that a defendant is not entitled to a jury instruction on limitations because *evidence outside of the jury* settles the issue, while at the same time the conviction would be subject to being overturned because the evidence *before the jury* is insufficient to support the State's case.

Unless this Court is willing to disavow or qualify its holding in *Cooper*, supra, I am constrained to agree with the majority that when the indictment alleges an offense that was not committed within the limitation period, the State must offer evidence of tolling before the jury.[8] Proffer by the State of uncontested facts of tolling before the jury would avoid the necessity for an instruction, and would likewise sustain a finding of evidentiary sufficiency on appeal.[9]

With these comments, I join the opinion of the Court.

BAIRD and OVERSTREET, JJ., join.

McCORMICK, Presiding Judge, concurring and dissenting.

I join the Court's opinion to the extent it holds limitations is a defense and is an issue

for the jury to decide once a defendant timely raises the issue at guilt-innocence. However, I disagree with the Court's holding the issue was raised in this case because appellant failed to controvert the State's evidence that the running of the limitations period was tolled.

**I**

At least the majority retreats from the "bad" law this court recently made in *Lemell v. State*, 915 S.W.2d 486 (Tex.Cr.App.1995). *Lemell* suggests, if it does not expressly hold, that limitations is an "element" of the State's prima facie case for purposes of sufficiency review under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which a defendant may raise at any stage of the proceedings. See *Lemell*, 915 S.W.2d at 490 (McCormick, P.J., dissenting). However, the Court in this case treats limitations as a defense which is how this Court has treated it over the years. See V.T.C.A., Penal Code, Section 2.03; *Ex parte Morin*, 172 Tex.Crim. 322, 356 S.W.2d 689 (1962); *Gray v. State*, 68 S.W. 799 (Tex.Cr.App.1902). As the Court observes, this means,

> "Once the [statute of limitations] issue is thus raised, however, the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred."

*Lemell* and the majority opinion in this case cannot stand side by side because *Le-*

---

6. Judge McCormick says *Cooper* merely stands for the general rule that the State has to prove what it alleges in the indictment. As stated above, in *Cooper*, the Court set forth the well-established principle that "it is necessary that the *proof* show that the offense was committed at such time as that the prosecution would not be barred by the statute of limitation." (emphasis added). The Court then went on to emphasize that "proof" means evidence before the jury.

7. Indictment allegations stating a date that is not barred by limitations would not call for a limitations instruction. Indictment allegations stating a date that is barred would raise an issue so as to call for a jury instruction unless the State put on uncontested evidence of tolling before the jury, in which case no instruction would be required. Likewise, allegations of tolling would raise an issue that would call for a jury instruction, unless the State proffered uncontested evidence of tolling before the jury.

8. Presumably, since the State is not bound by the date alleged in the indictment, the State could also simply put on evidence before the jury that the offense *was* committed within the limitation period.

9. Admittedly, this holding in some ways seems odd. For instance, if the facts of tolling *had* been presented to the jury in this case, appellant would not have been entitled to an instruction! *See Concurring and dissenting opinion* at 603 (McCormick, P.J.); *see also Morin*, supra. But, it would be even stranger to hold that no instruction was required here based on the evidence presented outside the presence of the jury, while if appellant had challenged the sufficiency of the evidence in this case he would be entitled to an acquittal because the reviewing court would be limited to consider only evidence presented before the jury. *See Cooper*, supra.

*mell* treats limitations as an element of the State's prima facie case which can be raised at any time and the majority opinion treats it as a defense which has to be raised in a timely manner. The Court's opinion cannot be said to be following *Lemell* since the majority's ultimate holding is that "limitations was raised and the State was put to its burden to prove the indictment was not untimely."

If the majority was going to follow *Lemell*, they would not need to decide whether "limitations was raised." Under *Lemell*, they would need to decide only whether the trial court provided a jury instruction on limitations. See *Lemell*, 915 S.W.2d at 489 (State has burden to prove beyond a reasonable doubt that offense was committed within the statute of limitations and defendant's "Motion for Instructed Verdict" at the punishment phase addressed the sufficiency of the evidence at trial that the offense occurred within the statute of limitations). Under *Lemell*, the Court should be treating this case as if the trial court failed to instruct the jury on an element of the State's prima facie case. Since the majority declines to do this, I assume they intend to overrule *Lemell* sub silentio, and I join the majority opinion to this extent. This, in effect, makes five votes in this case to overrule *Lemell*.

And, *Lemell* was wrongly decided to the extent it holds limitations is an "element" of the State's prima facie case for purposes of sufficiency review under *Jackson v. Virginia*, which a defendant can raise at any stage of the proceedings. This holding requires the State to shoulder its burden of persuasion before a defendant even carries the initial burden of production on the issue. See *Lemell*, 915 S.W.2d at 489. That is not to say limitations is never an "element" of the offense. But, it does not become an "element" of the offense and implicate "sufficiency of the evidence" until a defendant satisfies his initial burden of timely raising the issue.

Moreover, as *Lemell* also demonstrates, *Lemell* encourages factually and legally guilty criminals to "sandbag" their limitations claims until the punishment phase of trial so they can later obtain acquittals on appeal since the State ordinarily will have had no opportunity to rebut these claims before the jury at guilt-innocence. See *Lemell*, 915 S.W.2d at 490 (McCormick, P.J., dissenting) (record reflected defendant waited until the punishment hearing to raise his limitations defense in what he called a "Motion for Instructed Verdict"). In short, the State was blindsided in *Lemell* and it would have continued to be blind-sided in future cases falling within *Lemell's* reach. But see *Bauder v. State*, 921 S.W.2d 696, 705 (Tex.Cr. App.1996) (McCormick, P.J., dissenting) (justice, though due the accused, is due the accuser also). Although the majority does so sub silentio, I would expressly overrule *Lemell* and expressly reaffirm this Court's earlier holdings on how limitations should be raised and litigated in the trial court.

## II

I disagree with the majority's holding that "limitations was raised and the State was put to its burden to prove [before the jury] the indictment was not untimely." The majority relies on the face of the indictment and the evidence actually presented to the jury to conclude "limitations was raised." According to the majority, the issue is "whether uncontested proof of facts that would toll the running of the limitations period is sufficient to obviate the need for a jury instruction if that evidence is presented only to the trial court, not the jury."·

I would hold a defendant fails to raise the limitations issue ·when the evidence is undisputed that the running of the limitations period was tolled regardless of whether the evidence is presented to the trial court in or out of the presence of the jury. Under either scenario, a defendant is not entitled to a jury instruction on limitations. Even the majority would agree that had everything in this case occurred in front of the jury the trial court still would not have erred to refuse appellant's requested jury instruction on limitations. It should make no legal difference whether the uncontroverted evidence was presented to the trial court in or out of the presence of the jury because the jury was not going to receive an instruction on limitations under either scenario.

Moreover, the evidence presented at trial did not raise the limitations issue because that evidence is irrelevant to whether the limitations period was tolled. It also is irrelevant that the indictment on its face showed a limitations-barred offense because the issue is whether the limitations period was tolled. That the face of the indictment shows a limitations-barred offense is a red herring and has nothing to do with this case. The issue is whether there was a disputed fact question for the jury to resolve on whether the limitations period was tolled.

And, I really do not see what the allegations in the indictment have to do with this case since an indictment is not evidence of anything. This is like saying the allegations in an indictment constitute evidence of the State's prima facie case which everyone would agree is absurd. Moreover, the jury charge in this case instructed the jury that the indictment was no evidence of guilt yet the majority relies on it as evidence that the limitations issue was raised.

The majority further states this Court would never approve of a trial court failing to submit an "element" of the offense in the jury charge just because the State's evidence establishing that "element" was not disputed. Of course, I agree with this. The Fourteenth Amendment's due process clause and other constitutional protections do not permit a trial court to prevent the jury from deciding whether the State proved beyond a reasonable doubt an essential element of the offense as defined by state law even if the evidence establishing that element is undisputed. See *Jackson v. Virginia*, 443 U.S. at 318–20, 324 fn. 16, 99 S.Ct. at 2789, 2792 fn. 16.

However, that is not what happened here. The Fourteenth Amendment requires appellate courts to review the sufficiency of the evidence to support the "elements" of the offense *as defined by state law*. See *id.* Under state law, appellant failed to satisfy his initial burden of producing evidence that raised a disputed fact question for the jury to resolve on whether the limitations period had been tolled. All of the uncontroverted evidence was to the contrary. Therefore, limitations never became an "element" of the

offense the State had to prove. I would hold the Court of Appeals correctly concluded the trial court did not err to refuse to instruct the jury on the limitations issue.

As a policy matter, the majority opinion also ignores the basic purpose of the criminal law. See *Bauder*, 921 S.W.2d at 705 (McCormick, P.J., dissenting) (basic purpose of the criminal law is to "provide for the security of the individual and his property"). There is no question about appellant's factual guilt—he is guilty. The record reflects appellant received the full panoply of the awesome protections afforded him by our Constitution—i.e., due process of law. The majority opinion promotes no important social policies such as protecting us from police overreaching or preventing us from becoming victims of a totalitarian police state. The majority opinion does not even promote the underlying purpose of a limitations defense which is to prevent initial prosecutions of old and stale claims against defendants unable to defend themselves due to the passage of time. None of these things are involved in this case.

Rather, the "important" policy the Court's opinion advances here is the jury should have had an opportunity to acquit appellant on an issue about which no one had any dispute. The majority opinion completely ignores what the criminal law is designed to accomplish, and its holding exalts technicalities over substance. It reflects a judicial philosophy that the criminal law exists for the sole benefit and protection of criminals even to the point of instructing juries to acquit them on issues over which no one has any dispute. See *Bauder*, 921 S.W.2d at 705 (McCormick, P.J., dissenting).

Relying on *Cooper v. State*, Judge Maloney's concurring opinion concludes the State had to present evidence to the trial court in front of the jury that the limitations period was tolled because the face of the indictment showed a limitations-barred offense. See *Cooper v. State*, 527 S.W.2d 563, 565–66 (Tex. Cr.App.1975). It makes no difference that had the State done this, appellant would not have been entitled to a jury instruction on limitations. See *Hoang*, 939 S.W.2d at 601 fn. 7 (Maloney, J., concurring). Moreover,

*Cooper* is distinguishable from this case because in *Cooper* the indictment alleged tolling of the limitations period requiring the State to prove that allegation. *Cooper v. State*, 527 S.W.2d 563, 565–66 (Tex.Cr.App.1975) (when the indictment alleges tolling of the statute of limitations, the State has to prove that allegation). *Cooper* merely applies the general rule that the State must prove what it alleges. The indictment in this case did not allege tolling of the statute of limitations and the State proved everything it alleged. *Cooper* does not support the inane result the majority reaches in this case.

In cases like this where the face of the indictment shows a limitations-barred offense and the indictment contains no tolling allegations, to make limitations an issue in the case possibly implicating the sufficiency of the evidence to support a conviction on appeal,[1] a defendant should stand up at the guilt-innocence phase of trial and claim he is entitled to have the prosecution dismissed because the face of the indictment shows a limitations-barred offense. See Article 28.06, V.A.C.C.P.; but see *Lemell*, 915 S.W.2d at 488 (defendant waited until the punishment phase to raise the limitations issue).[2] If the State presents to the trial court no evidence of tolling, then the prosecution should be dismissed. See Article 28.06. If, as in this case, the State presents to the trial court uncontroverted evidence that the limitations period was tolled, then the issue should not go to the jury because there is no issue for the jury to decide. It should be completely irrelevant whether the jury is present or not

when this happens because it is not going to decide the issue anyway.[3]

If the defendant controverts the State's evidence on the tolling of the limitations period, then and only then should the issue go to the jury. It is only in this latter scenario that limitations implicate the sufficiency of the evidence under prior interpretations of our state law. See *Lemell*, 915 S.W.2d at 489. But where a defendant, like the one in *Lemell*, lies behind the log and waits until the punishment phase of trial to raise the limitations issue, he should be held to have waived the issue. See Tex.R.App.Proc. 52(a); but see *Lemell*, 915 S.W.2d at 489–90.

This framework strikes a proper balance between all competing interests. The State and the defense are permitted to *fairly* litigate the limitations issue and have the issue go to the jury if there is a factual dispute without one party attempting to blindside the other party. Unfortunately this case demonstrates that a majority of this Court apparently believes our role is to adopt rules that encourage guilty criminals to lie behind the log at trial so they can obtain appellate acquittals by seeing how many technicalities they can make dance on the head of a pin. See *Lemell*, 915 S.W.2d at 489.

Judge Maloney's concurring opinion also concludes limitations is "simply *sui generis* "—i.e., limitations is neither an element nor a defense. But see *Ex parte Ward*, 470 S.W.2d 684, 686 (Tex.Cr.App.1971) (statutes of limitations are matters of defense and must be asserted on trial by the defendant in criminal cases). However, after *Lemell*, limitations cannot be characterized as anything

---

1. See *Lemell*, 915 S.W.2d at 490 (McCormick, P.J., dissenting).

2. We should reexamine our earlier holdings that permit limitations to be raised at trial. The main purpose of a trial and our duty to review the record for evidentiary sufficiency is to determine whether a defendant is factually guilty. A statute of limitations claim has nothing to do with a defendant's factual guilt. See *Vasquez v. State*, 557 S.W.2d 779, 781 (Tex.Cr.App.1977) (statutes of limitations are acts of grace and a surrendering by the sovereign of its right to prosecute after a certain passage of time). Limitations is an issue that should be resolved pretrial, and a defendant who waits until trial to raise the issue should be deemed to have waived it. See Article

28.06. Limitations really has nothing to do with whether the State proved everything required of it to establish a defendant's factual guilt. Therefore, it should not have anything to do with reviewing the record for evidentiary sufficiency.

3. Incredibly the majority holds appellant was entitled to a jury instruction which, in effect, would have instructed the jury to acquit appellant, because the jury was not sitting in the jury box when the State presented to the trial court its uncontroverted evidence on the tolling of the limitations period. Had the jury been sitting in the jury box when this happened, then appellant would not have been entitled to the jury instruction and the jury would never have been called upon to consider appellant's limitations claim!

but an element of the State's prima facie case if the indictment on its face shows a limitations-barred offense and the indictment contains no tolling allegations. See *Lemell*, 915 S.W.2d at 490 (McCormick, P.J., dissenting). What else can it be but an element of the State's prima facie case if this Court, as it did in *Lemell*, holds a defendant raises the "sufficiency of the evidence at trial that the offense occurred within the statute of limitations" after that defendant lies behind the log and waits until the punishment phase of trial to raise the limitations issue?[4] See *Lemell*, 915 S.W.2d at 488.

Finally, Judge Maloney's concurring opinion characterizes my position as being that this case and *Lemell* cannot stand side by side because *Lemell* treats limitations "like an element." However, as demonstrated above, my contention is that *Lemell* treats limitations as an element *of the State's prima facie case*. This is why the majority opinion and *Lemell* cannot stand side by side.

### III

Finally, I must comment on the majority's gratuitous comments about how the Court of Appeals should analyze on remand the trial court's failure to submit a jury instruction on the limitations issue. The Court's opinion states:

"As the record stands, had the trial court instructed the jury on the statute of limitations, the jury would have had no choice but to acquit appellant, since the only evidence before the jury showed a limitations-barred offense. Surely the certainty of an acquittal suffices to establish 'some' harm."

On remand, I urge the Court of Appeals to consider that had the uncontroverted evidence on the tolling of the limitations period been presented to the trial court in front of the jury appellant still would not have been entitled to a jury instruction on limitations, and any instruction he might have received would have been gratuitous. Moreover, had

the trial court provided appellant's requested jury instruction, then the jury would have had undisputed evidence before it that the limitations period was tolled.

This uncontroverted evidence is in the record. The "proceeding" during which this evidence was presented to the trial court outside the presence of the jury for all intents and purposes is a bill of exceptions of the evidence that would have been presented to the jury had the trial court instructed the jury on the limitations issue. See Tex. R.App.Proc. 52(b). There is evidence in the record from which the Court of Appeals can find appellant suffered absolutely no harm from the trial court's failure to instruct the jury on limitations. It makes no difference that this evidence was presented outside the presence of the jury. See *id.*

Even if the Court of Appeals decides to analyze whether appellant suffered "some" harm based on "as the record [now] stands," the Court of Appeals may consider whether granting relief to this factually guilty appellant based on the trial court's failure to provide a jury instruction on an undisputed fact is the type of "harm" for which fairly tried criminals should obtain relief on appeal. See *Herrera v. Collins*, 506 U.S. 390, 397–401, 113 S.Ct. 853, 859–60, 122 L.Ed.2d 203 (1993). I would hold it is not.

### IV

Also, since this case presents only the issue of whether the Court of Appeals erred to decide the trial court correctly refused appellant's requested jury instruction on the limitations issue, the proper remedy is to remand this case to the Court of Appeals to determine whether appellant suffered "some" harm from the failure to give the instruction. However, if I were appellant, I would have argued I am entitled to an acquittal pursuant to *Lemell*. However, since appellant presents only jury charge error, the most relief

---

4. If, under *Lemell*, a defendant can properly raise the limitations issue for the first time at the punishment phase of trial, he should also be able to raise it for the first time on appeal. I wonder how *Lemell* would have been decided had the defendant raised the limitations issue for the first time on appeal? Moreover, on remand from this

Court, the Court of Appeals apparently read *Lemell* as holding that limitations is an element of the State's prima facie case since on remand that Court reversed the defendant's conviction and ordered an acquittal. See *Lemell v. State*, No. 11–88–150–CR (Tex.App.—Eastland, May 23, 1996, pet.pending) (nonpublished).

he can expect to receive is a reversal of his conviction and a remand for a new trial. In any event, the majority opinion overrules *Lemell* sub silentio.

Because the majority completely loses sight of the purposes and policies of the criminal law in this case, I must respectfully dissent except with respect to overruling *Lemell.*

MANSFIELD, Judge, dissenting.

The record indicates appellant was charged with the offense of aggravated robbery, alleged to have been committed on or about January 29, 1986. Appellant was taken into custody within a few hours after commission of the offense, but he then escaped. He was subsequently recaptured in April of 1986. The statute of limitations for aggravated robbery is five years. Tex.Code Crim Proc., Art. 12.01(4)(A).

An indictment was filed August 7, 1992, over six years after the date of the offense. This indictment states, on its face, that this case is a reindictment of another case. At trial, the court, outside the presence of the jury, announced into the record that the previous indictment was dated August 21, 1990, a date that was four months within the five-year limitations period for this offense. In the record on appeal, the August 21, 1990 indictment is included as part of a subsequent transcript, though the date of commission of the alleged offense in this indictment is stated as January 1, 1986 whereas the August 7, 1992 indictment alleges the date to be January 29, 1986.

The trial court denied appellant's request for a charge on the statute of limitations, finding that the issue had not been raised before the jury. Appellant was convicted of the offense and was assessed a sentence of forty years confinement in the Texas Department of Criminal Justice—Institutional Division. The court of appeals affirmed appellant's conviction. *Hoang v. State,* No. 05–92–02129–CR, 1994 WL 722006 (Tex.App.—Dallas 1994) (unpublished). The court of appeals held that the statute of limitations was tolled during pendency of the August 21, 1990 indictment (it also noted the August 7, 1992 indictment stated on its face that it was

a reindictment of a previous case); therefore a jury instruction on limitations was not required. The court of appeals, in support of its ruling, cited *Wimberly v. State,* 22 Tex. App. 506, 3 S.W. 717 (1886) and *Ex parte Morin,* 172 Tex.Crim. 322, 356 S.W.2d 689 (1962), *cert. denied,* 372 U.S. 924, 83 S.Ct. 742, 9 L.Ed.2d 729 (1963). This Court granted appellant's petition for discretionary review to consider the following ground for review: The court of appeals erred in holding that no limitations instruction to the jury was required. Because I believe the court of appeals opinion correctly states the law, I believe appellant's petition for discretionary review should be improvidently granted. Therefore, I must respectfully dissent.

In *State v. Turner,* 898 S.W.2d 303, 307 (Tex.Crim.App.1995), we held the burden of proving the offense alleged in the indictment occurred within the applicable limitations period (or that the applicable limitations period has been tolled) remains on the State even if the accused fails to object to an indictment that does not plead limitations properly prior to the day of trial. In the present case the State presented evidence to the court—outside the presence of the jury—that the applicable limitations period had been tolled by the pendency of the August 21, 1990 indictment, the validity of which was not contested by either party. Therefore, the State met its burden of proving the offense occurred within the applicable limitations period as the August 7, 1992 indictment did, on its face, properly plead that it was a reindictment of another case, the case which was the subject of the August 21, 1990 indictment.

Texas Rule of Criminal Evidence 201 permits a trial court to take judicial notice of adjudicative facts. In particular, Rule 201 provides:

(b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

\*      \*      \*      \*      \*      \*

(e) Opportunity to Be Heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

The trial court, in the present case, took proper judicial notice of the following undisputed facts which proved the limitations statute had been tolled: . (1) the indictment alleged, on its face, it was a reindictment of a pending case; and (2) the original indictment had been returned on August 21, 1990, well within the applicable limitations period. Appellant never objected to the court's taking judicial notice of these facts. Furthermore, appellant did not request an opportunity to be heard, at which time, under Rule 201(e), he would have been entitled to contest the appropriateness of the court's actions by producing evidence calling such actions into question. His failure to object, in effect, waived his right to raise this matter on appeal. Furthermore, because no objection was made, appellant was not entitled to a Rule 201(g) instruction as to the judicially-noticed facts as there was no dispute or question as to their validity to be presented to the jury. *See Ex parte Morin, supra.* Accordingly, because there was no dispute as to the statute of limitations to be submitted to the jury, the trial court did not err in not giving a charge on limitations to the jury.

I would affirm the judgment of the court of appeals and would dismiss appellant's petition as improvidently granted. I respectfully dissent to the opinion of the Court.