

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1649-13

### DONNIE LEROY KACHEL, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

RICHARDSON, J., filed an opinion concurring in part and dissenting in part, in which JOHNSON, J., joined.

### CONCURRING AND DISSENTING OPINION

I agree with the majority's opinion that, because there was some evidence that the appellant exposed himself only to an adult and did not know a child was present, he was entitled to a jury instruction on the lesser-included offense of indecent exposure. I concur in our holding that the trial court erred in denying appellant such an instruction. However, I part ways with the majority's decision to remand the case back to the court of appeals for a harm analysis under *Almanza v. State,* 686 S. W. 2d 157, 171 (Tex. Crim. App. 1985).

Given the facts of this particular case, I believe that this Court is able to conduct (and essentially has conducted) such an analysis. In arriving at our conclusion that there was some evidence of the lesser offense, and because the jury had only the option of either acquitting the appellant or convicting him of the greater offense, the harm analysis has already been done. Therefore, to be more judicially efficient, I would reverse the court of appeals and remand the case back to the trial court for a new trial.

Erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to an *Almanza* harm analysis. *Saunders v. State,* 840 S.W.2d 390, 392 (Tex. Crim. App. 1992) (citing to *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Under that analysis, reversal is required if the error resulted in some harm to the accused—"some" meaning "any." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986) (en banc).[1]

---

[1] In determining whether there was "some harm," the actual degree of harm must be determined by balancing (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the argument of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171. Even a cursory application of these factors supports a finding of "some" harm in this case. First, the absence of a lesser-included instruction from the jury charge supports a finding of "some" harm. Second, the evidence that appellant did not know a child was present, which we have decided was some evidence to support the inclusion of a lesser-included offense in the jury charge, supports a finding of "some" harm. Third, by not including the lesser-included offense of indecent exposure in the jury charge, appellant's counsel was precluded from requesting such a compromise verdict from the jury. Finally, while it is true that the jury sentenced appellant to sixty years for this third degree felony conviction of indecency with a child (appellant had two prior felony offenses which enhanced his punishment range), the severity of the appellant's sentence given by the jury is not one of the specific factors to weigh under *Almanza,* and I do not agree that it is relevant enough to overcome a finding of "some" (i.e., "any") harm in this case.

We have routinely found some harm, and therefore reversed, when the trial court has failed to submit a lesser-included offense that was requested and raised by the evidence where that failure left the jury with the sole option either to convict the defendant of the greater offense or acquit him. *Saunders*, 913 S.W.2d at 571. Ordinarily, if the absence of the lesser-included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, some harm exits. *Id.* The harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer. *Masterson v. State,* 155 S.W.3d 167, 171 (Tex. Crim. App. 2005) (following *Saunders'* rationale).

In this case, there is a distinct possibility that the jury, believing the defendant indecently exposed himself, but given only the option to convict him of indecency with a child by exposure, chose to find him guilty of that greater offense rather than to acquit him of any offense, even though the jury had a reasonable doubt that he really committed the greater offense of indecency with a child by exposure. *See, e.g., Saunders,* 913 S.W.2d at 571 (citing *Beck v. Alabama,* 447 U.S. 625, 634 (1980)).

In Justice Davis' dissenting opinion, he stated that "because the trial court denied the jury the opportunity to convict Kachel solely of the lesser-included offense of indecent exposure (a Class B misdemeanor), which it reasonably could have done based on the

evidence presented at trial, its erroneous failure to submit the lesser-included instruction created 'some' harm." *Kachel v. State,* 2013 WL 5781686, at 5 (Tex. App. – Waco 2013) (Davis, J., dissent). I agree.

Although "it is not ordinarily this Court's bailiwick to pass upon questions of harm,"[2] I submit that perhaps we should do so under limited (and clear) circumstances, such as in this case where the finding of harm is a foregone conclusion. The erroneous failure to give a lesser-included offense is not per se harmful.[3] However, in this case, sending the case back to the court of appeals to conduct a harm analysis that we have substantially already done seems to be a waste of judicial resources. I would reverse the conviction and remand the case back to the trial court for a new trial.

FILED: March 18, 2015

DO NOT PUBLISH

---

[2] *Van Hoang v. State,* 939 S.W.2d 593 (Tex. Crim. App. 1996) (citing to *Owens v. State*, 827 S.W.2d 911, 917 (Tex. Crim. App. 1992); *Saenz v. State*, 843 S.W.2d 24, 29 (Tex. Crim. App. 1992).

[3] There are cases, such as when an intervening lesser offense is submitted, where the erroneous failure to give an instruction on a lesser-included offense is considered harmless. *See Saunders v. State*, 913 S.W.2d 564, 572 (Tex. Crim. App. 1995) (holding that the jury's failure to find an intervening lesser-included offense—one that is between the requested lesser offense and the offense charge— may, in appropriate circumstances, render a failure to submit the requested lesser offense harmless.); *accord, Masterson v. State,* 155 S.W.3d 167 (Tex. Crim. App. 2005). *See also, Vasquez v. State,* 389 S.W.3d 361 (Tex. Crim. App. 2012) (finding that any error in a jury charge that did not include the abstract definition of the law of parties in the application paragraph of the charge was harmless under the *Almanza* rule and overruling *Johnson v. State*, 739 S.W.2d 299 (Tex. Crim. App. 1987) to the extent that it suggests a per se finding of harm).