Jonathan L. LEMELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 0295–94.

Court of Criminal Appeals of Texas, En Banc.

Nov. 1, 1995.

---

Robert A. Morrow, Janet Morrow, Houston, for appellant.

Timothy G. Taft, Assist. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

In 1982, a jury convicted appellant of aggravated robbery. The Fourteenth Court of Appeals reversed appellant's conviction, *Lemell v. State*, No. A14–82–872–CR (Tex. App.—Houston [14th Dist.] 1985) (unpub-

lished), and this Court refused the State's petition for discretionary review.

In 1988, appellant was retried and convicted of aggravated robbery, and the jury assessed his punishment at sixty-five years imprisonment and a fine of $5,000. The Eleventh Court of Appeals reversed appellant's conviction. *Lemell v. State*, No. 11–88–00150–CR (Tex.App.—Eastland 1990) (unpublished). This Court granted the State's petition for discretionary review and reversed the court of appeals. *Proctor v. State*, 841 S.W.2d 1 (Tex.Crim.App.1992). On remand, the Eleventh Court of Appeals affirmed appellant's conviction. *Lemell v. State*, No. 11–88–150–CR (Tex.App.—Eastland 1993) (unpublished). We granted appellant's petition for discretionary review on three unrelated grounds.[1] Because we reverse and remand to the Court of Appeals on the third ground, we decline to address the first and second grounds.[2]

## I. Relevant Facts and Procedure

The indictment in this cause, filed January 8, 1988, charged appellant with three offenses that occurred in Houston on January 29, 1982: (1) murder of Wing Lew, (2) aggravated robbery of Yit Oi Lew, and (3) aggravated robbery of Wing Lew. While an indictment for murder may be presented at any time after the commission of the offense, an indictment for aggravated robbery must be presented within five years from the date of the commission of the offense "and not afterward." Tex.Code Crim.Proc.Ann. art. 12.01(1), 12.01(4)(A), & 12.03(d). The indictment with respect to the aggravated robbery counts was presented outside the limitations

---

1.

   1. May the police who have probable cause to arrest a known suspect be excused from obtaining a warrant merely because the accomplice giving them the information cannot tell them the suspect's last name or fixed address; May the police in these circumstances use the accomplice to lead them to the suspect where they confront him to "confirm" his identity and then arrest him to prevent his escape?
   2. Can the defendant's confrontation rights be protected when the nontestifying codefendant's confession is admitted with a limiting instruction, but the blanking-out of defendant's name leaves no doubt that he was the person incriminated in that confession?

   3. Did appellant timely raise his limitations bar by way of motion for directed verdict, when in addition to the aggravated robbery charge, the original indictment contained a murder charge for which there is no statute of limitations and the state had refused to elect prior to trial?

2. To avoid issuing an advisory opinion as to the first and second grounds for review, we dismiss these grounds without prejudice. *Connor v. State*, 877 S.W.2d 325, 325–26 n. 1 (Tex.Crim. App.1994); *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex.Crim.App.1991).

period; it did not allege a tolling of the statute. At a pretrial hearing, when the trial court asked whether the State would be proceeding on all three counts in the indictment, the State responded that it would proceed on paragraph three (aggravated robbery of Wing Lew) and did not intend to offer evidence or ask for a charge on paragraphs one and two. However, the State refused to dismiss the other two paragraphs, stating that it "prefer[red] to have this indictment still pending." At the close of the evidence, without objection, the trial court charged the jury only as to the aggravated robbery of Wing Lew, and appellant was convicted.

During punishment deliberations, appellant submitted a Motion for Instructed Verdict in which he averred that "the State has failed to prove an essential allegation of its indictment, that the offense of aggravated robbery occurred within the five years preceding the presentment of the indictment...." In his motion, appellant contended that the conviction was invalid due to insufficient evidence that the offense occurred at a date prior to the presentment of the indictment and within the applicable limitations period. The trial court denied appellant's motion, but later withdrew its ruling and held a hearing on the motion. Appellant objected to the hearing, noting that since his Motion for Instructed Verdict was based only on the sufficiency of the evidence presented to the jury, any evidence proffered at a separate hearing was irrelevant.

3. The following exchange occurred:

> Q: [Defense counsel] I suppose the record probably speaks for itself, there is no question there is no evidence before the jury that the crime that was committed five years anterior to the presentment of the indictment in this case?
> A: [Prosecutor] That is correct.
> Q: [Defense counsel] There is no evidence; we are in total agreement as to that.
> Obviously, of course, the reason why we are here [is that] there is no tolling allegation in this indictment?
> A: [Prosecutor] Correct.

4. In *Yount,* 853 S.W.2d 6, the defendant was indicted for three separate offenses of involuntary manslaughter that were not limitations-barred. At the close of the evidence, Yount requested a jury charge on a lesser included offense that was limitations-barred, and the jury

At the hearing on appellant's motion, the State conceded that there was *no evidence* before the jury from which it could conclude that the offense was committed within the limitations period.[3] Rather, the State proffered evidence before the trial court in an attempt to prove that the statute of limitations had been tolled. At the close of the hearing, the trial court again denied appellant's Motion for Instructed Verdict.

The issue raised by appellant in his motion and on appeal is that his conviction is invalid because the State presented *no evidence* at trial that the offense occurred within the limitations period. Appellant does not attack the sufficiency of the indictment to confer jurisdiction on the trial court, rather he attacks the sufficiency of the evidence at trial to sustain the conviction.

The Court of Appeals held that an indictment that alleges an offense barred by the statute of limitations confers jurisdiction on the trial court and, because appellant failed to make a timely objection to the indictment, he waived *any* claim relating to the limitations defect. *Lemell,* No. 11–88–150–CR, slip op. at 19 (citing *State v. Yount,* 853 S.W.2d 6 (Tex.Crim.App.1993)).[4] We disagree. While his failure to object in a timely manner to the indictment waived appellant's claim as to any limitations defect in the indictment, it did not waive his limitations claim as to the insufficiency of the evidence to sustain the conviction.

convicted him of the lesser included offense. On appeal, Yount challenged the sufficiency of the evidence to support his conviction. The Court held, "Since appellee requested that the jury be instructed on the lesser included offense, he is now estopped from complaining that his conviction of that offense is barred by limitations." *Id.* at 9. The Court did not find that Yount's claim was untimely; rather, it found that because he invoked the benefit of the lesser included offense, he was estopped from challenging his conviction of the lesser included offense on sufficiency of the evidence at trial.

In the instant case, appellant did not invoke the benefit of a lesser included offense instruction. Indeed, it was the State that chose to charge the jury on a limitations-barred count in the indictment. Appellant, unlike Yount, has taken no action that would estop him from challenging the sufficiency of the evidence at trial. Accordingly, *Yount* is not controlling.

## II. Sufficiency of the Indictment

■ In *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990), this Court interpreted the 1985 amendments to article V, section 12 of the Texas Constitution and article 1.14(b) of the Texas Code of Criminal Procedure and held that the presentment of a charging instrument to the trial court confers jurisdiction, even if the instrument is defective. If the defendant does not direct the court's attention to errors in the indictment before trial, the defendant is precluded from raising such defects on appeal or in any post-conviction proceeding. *Id.* at 268 & 271 n. 11; *see also Yount,* 853 S.W.2d at 8. As we recently held in *State v. Turner,* 898 S.W.2d 303, 306 (Tex.Crim.App.1995), a defendant who does not object to a limitations defect in the indictment before the date of trial waives his right to object to the indictment at trial or to raise such indictment defect on appeal. *See* Tex.Code Crim.Proc. Ann. art. 1.14(b) & 27.08(2).

In the instant case, appellant did not object to defects in the indictment prior to trial. Accordingly, he waived any error as to the indictment.

## III. Sufficiency of Evidence

■ The State has the burden to prove that the offense was committed within the statute of limitations period. *E.g., Barnes v. State,* 824 S.W.2d 560, 562 (Tex.Crim.App. 1992) ("The state had the burden to establish beyond a reasonable doubt that the offense was committed within the statute of limitations."); *Vasquez v. State,* 557 S.W.2d 779, 783 n. 5 (Tex.Crim.App.1977) ("The burden of proof is always on the State to show that the offense alleged was committed ... within the period of limitation regardless of the date alleged."); *Donald v. State,* 306 S.W.2d 360 (Tex.Crim.App.1957) (reiterating the "well-established rule" that the "burden is on the state to show that the offense was committed within the period of limitations...."). We also have held that the State need not prove the date alleged in the pleading *so long as* the proof at trial shows that the offense occurred within the applicable limitations period. *E.g., Scoggan v. State,* 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App.1990) ("The State is

not bound by the date alleged in the indictment ... *so long as the date proved is* a date anterior to the presentment of indictment and the crime's occurrence is *not so remote as to be barred by limitation.*") (emphasis added); *Thomas v. State,* 753 S.W.2d 688, 692 (Tex.Crim.App.1988) ("Where an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice *to prepare for proof that the event happened at any time within the statutory period of limitations.*") (emphasis added); *McManners v. State,* 592 S.W.2d 622, 623 (Tex.Crim.App.1980); *McDonald v. State,* 513 S.W.2d 44, 47 (Tex. Crim.App.1974), *overruled on other grounds, Boutwell v. State,* 719 S.W.2d 164, 176–77 (Tex.Crim.App.1985) (op. on reh'g).

■ A defendant's failure to object to a limitations defect on the face of the indictment does not relieve the State of its burden of *proving* at trial that the alleged offense occurred within the limitations period. *Turner,* 898 S.W.2d at 308 (recognizing that "failure of the State to properly *plead* the issue [limitations] does not excuse it from *proving* that the offense occurred within the limitations period....") (emphasis added). Moreover, when appellants have alleged that the State failed to meet its burden of proof at trial regarding limitations, we have treated their claims like insufficiency of evidence claims. *Barnes,* 824 S.W.2d at 562 (affirming acquittal of appellant due to insufficient limitations evidence); *Cooper v. State,* 527 S.W.2d 563 (Tex.Crim.App.1975) (holding limitations evidence insufficient); *Carter v. State,* 506 S.W.2d 876, 879 (Tex.Crim.App. 1974) (holding limitations evidence sufficient); *Mulvehill v. State,* 395 S.W.2d 647, 648–50 (Tex.Crim.App.1965) (holding limitations evidence sufficient).

■ In the instant case, appellant's Motion for Instructed Verdict did not address the adequacy of the indictment; rather, it addressed the sufficiency of the evidence at trial that the offense occurred within the statute of limitations. While the State claims that appellant's motion was untimely since it was brought after the jury had already returned a guilty verdict, the State mistakenly equates indictment defects with proof at trial.

What appellant raises on appeal is a sufficiency of the evidence claim, and the State does not point to any Texas law requiring a motion, request or objection at trial in order to preserve a sufficiency error.[5] *McGlothlin v. State*, 896 S.W.2d 183, 190–91 (Tex.Crim. App.1995) (Meyers, J., dissenting).

### IV. Conclusion

Accordingly, we reverse the judgment of the Court of Appeals and remand to that court to determine whether the evidence that the offense was committed within the limitations period was sufficient. *See Arline v. State*, 721 S.W.2d 348, 353 n. 9 (Tex.Crim. App.1986) (noting that this Court is limited to reviewing issues decided by the courts of appeals).

BAIRD, J., not participating.

### DISSENTING OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge, dissenting.

I dissent. The record reflects appellant waited until the punishment hearing to raise his statute of limitations claim in what he called a "Motion for Instructed Verdict." By this time, the jury had rendered its "verdict." Therefore, I would affirm the Court of Appeals' decision that appellant waived his limitations claim because he did not raise it in a timely manner. See Tex.R.App.Proc. 52(a).

In reversing this conviction, the majority erroneously converts the limitations issue into one involving the sufficiency of the evidence to support the conviction. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). However, this case does not present a sufficiency problem since, for purposes of determining whether the evidence supports a conviction, *Jackson v. Virginia* only requires a reviewing court to determine whether *any* rational trier of fact could have found the *essential elements of the offense as defined by state law.* See

*Jackson*, 443 U.S. at 319, 324 fn. 16, 99 S.Ct. at 2789, 2792 fn. 16.

Under state law, the State has no burden of proving as part of its prima facie case that the offense occurred within the limitations period because this is not an essential element of the offense as defined by state law. Here, the State proved all the elements of the offense as defined by state law; therefore, the evidence is sufficient to support the conviction and appellant is not entitled to an acquittal. And, appellant waived any limitations defense by not raising it in a timely manner. See V.T.C.A., Penal Code, Section 2.03; Tex.R.App.Proc. 52(a). Because the majority holds this legally guilty appellant is entitled to an acquittal, I dissent.

WHITE and MANSFIELD, JJ., join this dissent.

---

5. We note that we stated in *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1987), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991), "A challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction." This language was adopted as the rule in *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993).