Aaron Dwayne **PROCTOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 0331–94.

Court of Criminal Appeals of Texas.

Nov. 8, 1995.

---

Michael B. Charlton, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

A jury convicted appellant of aggravated robbery and assessed punishment at life imprisonment. The Court of Appeals held the conviction was jeopardy barred, *Proctor v. State*, 806 S.W.2d 252 (Tex.App.—Eastland 1991), but this Court reversed and remanded to that court because the count at issue had been dismissed before jeopardy attached, *Proctor v. State*, 841 S.W.2d 1 (Tex.Crim. App.1992). On remand the conviction was affirmed. *Proctor v. State*, 871 S.W.2d 225 (Tex.App.—Eastland 1994). We granted appellant's petition for discretionary review to address whether appellant waived his claim

alleging a violation of the statute of limitations.[1]

One week ago today this Court delivered *Lemell v. State*, 915 S.W.2d 486 (Tex.Crim. App.1995). In that case, the defendant alleged that his conviction was invalid because there was insufficient evidence "that the offense occurred at a date prior to the presentment of the indictment and within the applicable limitations period." *Id.* at 487. The Court of Appeals held that an indictment alleging an offense barred by the statute of limitations confers jurisdiction and the failure to timely object to the indictment waived any claim relating to the limitations defect. *Id* at 488. We reversed the Court of Appeals, explaining that the State had the burden of proving that the offense occurred within the statute of limitations. *Id.* at 489–90. Although a defendant's failure to object to a limitations defect on the face of the indictment waives error as to the indictment defect, such failure to object does not relieve the State of its burden to prove at trial that the offense occurred within the limitations period. *Id.* at 489.

The Court of Appeals in the instant case held appellant waived his claim as to the statute of limitations due to his failure to object to the indictment. *Proctor*, 871 S.W.2d at 229. We vacate the judgment of the Court of Appeals and remand this cause to that court to reconsider this issue in light of *Lemell*, supra.

McCORMICK, P.J., dissents with note: For the reasons stated in my dissenting opinion in *Lemell*, I respectfully dissent. MANSFIELD, J., joins this note.

WHITE, J., dissents.

BAIRD, J., not participating.

---

1. Specifically, appellant alleges that "the Court of Appeals erred in its analysis of petitioner's statute of limitations claim." We also granted review of two other grounds, but given our disposition of appellant's first ground, we dismiss those grounds without prejudice. *Lemell v. State*, 915 S.W.2d at 487 n. 2 (Tex.Crim.App. 1995) (and cases cited therein).