

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00274-CR
_____

MICHAEL LAWRENCE BUTLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas,
Trial Court No. 74,240-C-CR, Honorable Ana Estevez, Presiding

February 15, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This appeal involves the latest iteration of limitations challenges to a felony conviction because the Potter County District Attorney's Office persists in using a complaint instead of an information or indictment as its initial charging instrument. Just last year, this Court, relying on authority from the Court of Criminal Appeals, held that "a complaint may be the equivalent of an information for purposes of tolling limitations

applicable to a felony."[1]  We now are asked to decide whether (and when) the State's failure to discuss a timely-filed complaint in an indictment issued after the limitations period constitutes a facial defect, thereby barring tolling from occurring.  Here, we hold that because Appellant waited to first invoke limitations at trial, the State only became obligated to present evidence of tolling during trial, not before.  Because the State's evidence supporting tolling is sufficient, we affirm the judgment of the trial court.

## Background

The evidence supporting the verdict and sentence is not challenged on appeal, so we do not discuss it here.  On August 4, 2017, Complaint Number 74240-Z was filed in Potter County District Court.  It alleged that on or about June 9, 2017, Appellant intentionally, knowingly or recklessly caused bodily injury to Sarah Myers, a person with whom Appellant had a dating relationship, by impeding her normal breathing or circulation of blood by applying pressure to her throat or neck.[2]  The Complaint contained facts attested to by an affiant under the heading "AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS."  The Complaint was sworn to and subscribed before an assistant district attorney for the 47th Judicial District of Potter County, Texas.

The applicable limitations period is three years.[3]  However, it was not until more than four years after the date of the offense, on September 2, 2021, that an indictment

---

[1] *Mungia v. State*, No. 07-21-00183-CR, 2022 Tex. App. LEXIS 2649, at *8 (Tex. App.—Amarillo Apr. 22, 2022, no pet.) (citing *State v. Drummond*, 501 S.W.3d 78, 84 (Tex. Crim. App. 2016).  In his concurrence, Justice Pirtle wrote that the Court "should caution prosecutors to STOP FILING COMPLAINTS IN FELONY CASES.  If no one ever points this out to them—how can we ever expect them to change?").  *Id.* at *11 (emphasis in original).

[2] See TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

[3] TEX. CODE CRIM. PROC. ANN. art. 12.01(8).

alleging the same offense against Appellant was filed; the indictment also added two enhancement paragraphs.

Appellant did not assert a limitations defense until the end of the State's case-in-chief when he moved for an instructed verdict. After the State urged that limitations was tolled during the pendency of the August 2017 complaint,[4] the Appellant pointed out that the face of the indictment failed to allege any basis for tolling limitations.[5] The trial court granted the State's motion to reopen its case and denied Appellant's motion for an instructed verdict. Thereafter, the State introduced into evidence a certified copy of the Complaint; the trial court also took judicial notice of articles 21.02, 12.01, and 12.05 of the Code of Criminal Procedure.[6] Both sides then closed the evidence.

During the charge conference, the State made no objection to the proposed charge; Appellant indicated opposition to "[n]othing not previously addressed."[7] Appellant filed a four-paragraph proposed jury instruction, part of which the trial court acknowledged including in the court's charge. In his closing argument to the jury, Appellant asserted among other things, that the statute of limitations had expired and that the jury was required to issue a verdict of "not guilty."

The jury returned a guilty verdict, and the trial judge imposed a sentence of twenty-

---

[4] See TEX. CODE CRIM. PROC. ANN. art. 12.05 ("[t]he time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation").

[5] See TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (providing that an indictment shall be deemed insufficient if the time of the offense is "so remote that the prosecution of the offense is barred by limitation").

[6] Each side read the provisions to the jury.

[7] Because the record does not include the court's informal discussion of the charge with the parties, we cannot determine what objections Appellant previously voiced.

seven years of confinement. On appeal, Appellant asserts two issues: (1) that the face of the indictment showed the charges against Appellant were barred by limitations, that tolling was not pleaded therein, and that the trial court was obligated to grant an instructed verdict of "Not Guilty"; and (2) that the denial of Appellant's requested jury instruction regarding limitations amounted to denials of due process, and to the rights of confrontation, compulsory process, and to a fair trial.

Analysis

*Facial Challenge to the Indictment*

It is undisputed that the alleged offense occurred June 9, 2017, and that the State's indictment was not filed until September 2, 2021, which is well beyond the applicable three-year limitations period. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(8). However, article 12.05 provides that the period of time passing "during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05. If article 12.05 applies, then Appellant's indictment was timely, as we would ordinarily disregard the period following August 4, 2017, during the pendency of the complaint. *See Mungia v. State*, 2022 Tex. App. LEXIS 2649, at *8 (*citing State v. Drummond*, 501 S.W.3d 78, 84 (Tex. Crim. App. 2016)).

The Texas Court of Criminal Appeals has previously held that "if the State's pleading includes a 'tolling paragraph,' 'explanatory averments,' or even 'innuendo allegations,' this suffices to show that [a prosecution for] the charged offense is not, at least on the face of the indictment, barred by limitations." *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005). In this appeal, however, Appellant argues the face of

4

the 2021 indictment fails to contain any language from which one could infer a tolling allegation. As further support for his position, Appellant relies heavily on the Court of Criminal Appeals's decisions in *Proctor v. State*, 967 S.W.2d 840, 841 (Tex. Crim. App. 1998) and *Tita v. State*, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008). We agree that both *Proctor* and *Tita* are dispositive of many questions, though they do not demonstrate the error the Appellant urges on appeal.

It is necessary to begin with the tortuous criminal litigation history of Proctor and his co-conspirator, Lemell. In January 1982, Proctor, Lemell, and three others robbed a convenience store in Houston and killed a man.[8] Six months later, a grand jury returned an aggravated robbery indictment for Proctor and Lemell, well within the four-year limitations period.[9] In a trial in November 1982, Proctor and Lemell were each found guilty of aggravated robbery.[10] However, in 1985, the court of appeals reversed the convictions due to alleged error not relevant here.[11]

In January 1988 (six years after the offense), Proctor and Lemell were reindicted for aggravated robbery. Like the appeal at bar, the face of the 1988 indictments did not allege that the statute of limitations had been tolled.[12] The two men were again found guilty of aggravated robbery; during the punishment portion, Proctor and Lemell first

---

[8] 967 S.W.2d at 841.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See Lemell v. State*, 915 S.W.2d 486, 487–88 (Tex. Crim. App. 1995) ("The indictment with respect to the aggravated robbery counts was presented outside the limitations period; it did not allege a tolling of the statute.").

raised the issue of limitations via a motion for instructed verdict. After the State was permitted to present evidence that the limitations period had been tolled, the trial court denied the motion for instructed verdict.

The Court of Criminal Appeals eventually had occasion to address the limitations arguments in Proctor's and Lemell's separate appeals, where four important holdings were announced:

1) The presentment of a charging instrument (e.g., an indictment) confers jurisdiction, even if the instrument would be defective on limitations grounds.[13]

2) A defendant "who does not object to a limitations defect in the indictment before the date of trial waives his right to object to the indictment at trial or to raise such indictment defect on appeal."[14]

3) A defendant's challenge to limitations during trial is, in essence, a challenge to the sufficiency of evidence.[15]

4) "The State has the burden to prove that the offense was committed within the statute of limitations period."[16]

After remand to the court of appeals, the CCA was given another opportunity to review

---

[13] *Id.* at 489 (citing *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990)).

[14] *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 1.14(b) & 27.08(2)). *See also Proctor v. State*, 915 S.W.2d 490, 491 (Tex. Crim. App. 1995) (discussing *Lemell*, and holding, "[a]lthough a defendant's failure to object to a limitations defect on the face of the indictment waives error as to the indictment defect, such failure to object does not relieve the State of its burden to prove at trial that the offense occurred within the limitations period.").

[15] *Proctor*, 915 S.W.2d at 491; *Lemell*, 915 S.W.2d at 489.

[16] *Lemell*, 915 S.W.2d at 489.

6

Proctor's and Lemell's limitations arguments. In a 1998 decision, the court clarified the fourth rule summarized above. Rather than requiring the State to prove limitations beyond a reasonable doubt in every case, the CCA said the burden depended on whether the defendant timely raised a limitations defense: if a defendant fails to raise the defense "at or before the guilt/innocence stage of trial," the issue is waived.[17] A defendant may assert a limitations defense by filing a motion to dismiss under article 27.08 of the Code of Criminal Procedure.[18] Alternatively, if the defendant waits until trial and there is some evidence that the prosecution is limitations-barred, "then the State must prove beyond a reasonable doubt that the prosecution is not limitations-barred."[19]

A decade after its last decision in *Proctor*, the CCA returned to the limitations issue in *Tita*. The court noted that *Proctor* did not override article 21.02(6)'s specific requirement that an indictment must show on its face the prosecution is not barred by limitations. 267 S.W.3d at 38. However, the court reinforced *Proctor's* holding that the timing of the defendant's challenge to limitations affects what the State would be required to prove:

- The court sustained Tita's facial challenge to the charging instrument because Tita filed a pretrial motion to dismiss under article 27.08, arguing that the face of the indictment did not allege the prosecution was not barred by limitations, and the State did not timely amend to repair the indictment.[20]

- The court overruled Tita's evidentiary challenge to the charging instrument.

---

[17] *Proctor v. State*, 967 S.W.2d 840, 844 ("Before trial, a defendant may assert the statute of limitations defense by filing a motion to dismiss under Article 27.08(2) of the Texas Code of Criminal Procedure.").

[18] *Id.*

[19] *Id.*

[20] *Id.* at 38. *See also Ex parte Edwards*, No. PD-1092-20, 2022 Tex. Crim. App. LEXIS 290, at *6 (Crim. App. May 4, 2022) (noting that the State "presumably" could have amended the indictment).

Noting that Tita raised a second limitations challenge during trial, the court noted the State was not obligated to prove tolling when Tita never requested a jury instruction on the limitations defense.[21]

Consistent with *Proctor* and *Tita*,[22] we reject Appellant's argument that an alleged defect on the face of the 2021 indictment required the trial court to grant an instructed verdict. These holdings teach that this type of alleged facially defective indictment is not jurisdictional in nature, and that the State's obligation to prove application of a tolling provision turns on when the defendant invokes limitations as a defense. Appellant did not raise a timely facial challenge to the 2021 indictment because he first raised limitations during trial. We therefore overrule Appellant's first issue that an alleged facial defect in the indictment required dismissal of the State's charges.

*Requested Jury Instruction*

Appellant next contends the trial court erred by failing to include in the "Charge to the Jury on Guilt-Innocence" an instruction "that tolling considerations must be pled and apparent on the face of the indictment . . . ." He argues that the court's failure to include this instruction allowed the jury to find him guilty on proof of allegations not pled and in violation of his due process rights. Again, we disagree.[23]

---

[21] *Id.*

[22] *See also Edwards*, 2022 Tex. Crim. App. LEXIS 290, at *6, noting the two instances in which a limitations defense may be raised in most circumstances: (1) by motion to dismiss under article 27.08(2), and (2) as a defense at trial.

[23] Assessing a jury-charge-claim involves two steps. *Alcoser v. State*, No. PD-0166-20, 2022 Tex. Crim. App. 186, at *8 (Tex. Crim. App. Mar. 30, 2022). We first determine whether the charge is erroneous; if it is, we next decide whether the appellant was harmed by the erroneous charge. *Id.* (citations omitted). Harm is assessed "in light of the entire jury charge, the state of the evidence, including the contested issues, and weight of [the] probative evidence, the argument of counsel and any other relevant information revealed by the record as a whole." *Id.*

First, we note that the instruction language Appellant has directed this Court to is four paragraphs long, the majority of which the trial court included verbatim in its Charge to the Jury. The only portions that differed from the submitted charge were, in relevant part:

| Requested Instruction | Actual Instruction |
|---|---|
| To find the defendant guilty, the evidence must show that the offense, if any, was committed prior to the return of the indictment and at such time that prosecution would not be barred by limitations, as alleged in the indictment. | You are charged, as a part of the law in this case, the State is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment so long as the said offense is not barred by limitation. |
| The day on which the offense was committed, if it was, and the day on which the indictment was presented shall be excluded from the computation of time. | [omitted] |

Unless the context of the phrase, "as alleged in the indictment," is stretched to beyond its context, the Appellant did not specifically seek to restrict the court's charge to the language on the *face* of the indictment. Moreover, counsel's non-specific statement of an objection to "[n]othing not previously addressed" provided no record notice to the trial court of such an objection.

Second, as shown above, because Appellant waited until trial to mount a limitations challenge, his challenge at trial was limited to assessing whether the State presented sufficient evidence of a matter that would toll limitations. *Tita*, 267 S.W.3d at 38; *Proctor*, 967 S.W.2d at 844. Appellant's complaint that the court's charge failed to

9

require "that tolling considerations must be pled and apparent on the face of the indictment" misstates the law at this stage of the case. Accordingly, the trial court did not err in refusing to submit such an instruction. Accordingly, Appellant's second issue is overruled.

Conclusion

We affirm the trial court's order.

Lawrence M. Doss
Justice

Do not publish.